# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| TERRY BACON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV414-229 |
| | ) |
| JERRY WILLIAMS and, | ) |
| EFFINGHAM COUNTY, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

In conjunction with his 28 U.S.C. § 2254 petition challenging his 1992 conviction for murder and kidnapping, *Bacon v. Effingham County*, CV414-255, doc. 6 (S.D. Ga. Dec. 18, 2014) (*Bacon II*), inmate-plaintiff Terry Bacon filed this 42 U.S.C. § 1983 action *pro se*. CV414-229, doc. 1.[1]

---

1 As Bacon is proceeding *in forma pauperis*, the Court is screening his case under 28 U.S.C. § 1915(e)(2)(B)(ii) to determine whether he has stated a cognizable claim for relief. The Court also proceeds under 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief), and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

The Court applies Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 2011 WL 4436591 at * 3 n. 1 (11th Cir. Sep. 26, 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned,

Liberally construed and fairly read, his complaint is nothing more than a *Heck*-barred[2] challenge to his murder and kidnapping conviction, as detailed in *Bacon v. State*, 267 Ga. 325, 325 (1996) (*Bacon I*). This Complaint must be **DISMISSED** for the same reasons explained in *Bacon II*, CV414-255, doc. 6 at 2-3 (denying 28 U.S.C. § 2254 relief and also, per *Heck*, his implied §1983 money damages claim for wrongful incarceration under the *Bacon I* conviction). The Court also **DENIES** as patently frivolous Bacon's "Motion to Suppress." Doc. 11.

Meanwhile, Bacon must pay his filing fee. His furnished account information shows that he has had funds in his prison account during the

---

the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (but *pro se* pleadings are still construed liberally after *Iqbal*).

2   In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486–87.

past six months. Doc. 10 ($29.62 average monthly balance for the last six months). He therefore owes an initial partial filing fee of $5.92. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall deduct $5.92 from Bacon's account and remit to the Clerk of Court (payable to the "Clerk of Court"). The custodian shall also set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this R&R to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED** this 27th day of January, 2015.

/s/
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA